UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:07-CR-14 |
| V. ) | ( Jordan / Shirley) |
| ) | |
| ERIC GILLETTE, and ) | |
| WALTER WILSON ) | |
| ) | |
| Defendants ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court upon a Joint Motion to Continue [Doc. 27] the trial of this matter, currently set to commence October 2, 2007.

In support of the request to set a new trial date, the Joint Motion to Continue [Doc. 27], sets forth facts describing a temporary medical condition suffered by Defendant Walter Wilson's counsel, Mark Brown, which prohibits his participation in a jury trial on the currently scheduled date of October 2, 2007. This Court has previously taken note of Attorney Brown's condition. [Doc. 26]. Attorney Brown states that he has discussed the need for continuance with Mr. Wilson and that the defendant agreed with the content of the motion.

Attorney Paula Voss joined in the motion on behalf of Defendant Eric Gillette, and an Affidavit in Support of Continuance of Trial [Doc. 28] has been filed on behalf of Mr. Gillette. Attorney Voss states that Mr. Gillette does not oppose continuance of the trial date and believes it is in his best interest to do so. [Doc. 27 ¶ 1]; [Doc. 28 ¶ 3]. The United States joins in the Joint Motion to Continue [Doc. 27], as a co-signator to the motion.

The Court finds that failure to grant a continuance of the trial would result in a miscarriage of justice and that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that a failure to grant a continuance of the trial would likely make the proceeding impossible, or, alternatively, would result in a miscarriage of justice.18 U.S.C. § 3161 (8)(B)(I). The Court also finds that failure to grant a continuance would unreasonably deny Mr. Wilson continuity of counsel.18 U.S.C. § 3161 (8)(B)(iv). The Court additionally finds that a reasonable period of delay as to Eric Gillette, who is joined for trial with Walter Wilson, for whom a continuance is necessary, is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161 (h)(7). Further, the Court finds that Mr. Gillette has concluded it is in his best interest to join the request for trial continuance.

Accordingly, the Joint Motion to Continue **[Doc. 27]** is **GRANTED**. For the reasons stated herein, the Court finds that all time between the September 24, 2007, filing of the motion and the new trial date of **November 19, 2007,** is fully is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B)

**IT IS SO ORDERED.**

                                ENTER:

                                  s/ C. Clifford Shirley, Jr.
                                  United States Magistrate Judge